# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# Columbia Division

| | |
|---|---|
| Midway International, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>StylesByKey Braiding Studio LLC, a South Carolina Limited Liability Company, and Jakecia White, an individual<br><br>    Defendants. | Case No. 3:20-cv-03213-JMC<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Pursuant to the stipulation of the parties, and for good cause, the Court hereby enters the following consent judgment and permanent injunction against Defendants:

## Stipulated Findings of Fact

1. Plaintiff Midway International, Inc. ("Midway") is the owner of the well-known BOBBI BOSS house brand of hair braids, extensions, wigs, and other hair pieces. Midway is a California corporation with its principal place of business at 13131 East 166th Street, Cerritos, California 90703.

2. Midway is one of the top hair products distributors in the world and a leading provider of hair braids, extensions, wigs and other hair pieces. Among its various product lines is the NU LOCS line of hair extensions, which Midway has been selling throughout the United States since at least October of 2016.

3. Midway owns the U.S. federal trademark registration for BOBBI BOSS NU LOCS (Registration No. 5168482) – which combines its BOBBI BOSS house mark with its

1

NU LOCS product mark – as used for "Hair pieces; and add-in and add-on hair accessories constructed primarily of synthetic hair."

4. Among other things, Midway's federal registration constitutes *prima facie* evidence of its ownership and exclusive right to use the registered mark in commerce on or in connection with hair pieces and add-in and add-on hair accessories made of hair.

5. Midway also owns common law trademark rights in NU LOCS alone.

6. Midway advertises its NU LOCS products in a variety of channels, including without limitation on social media platforms such as Facebook, Instagram, Pinterest, and YouTube, and has over 125,000 followers on Instagram alone.

7. As a result of Midway's promotion and substantial sales of its NU LOCS product line, NU LOCS has become known to the relevant consumers as symbolizing the goodwill and consistent high quality they have come to expect from Midway's hair products.

8. StylesByKey Braiding Studio LLC ("SBK") is a South Carolina limited liability company with its principal place of business at 6531-A Two Notch Road, Suite 103, Columbia, South Carolina 29223.

9. Jakecia White is a resident of Columbia, South Carolina, and is the owner, founder, and manager of SBK.

10. Withing the past several months, Defendants began advertising and selling their own line of hair products using the mark NU LOCS without authorization from Midway (the "Infringing Products"). Below is a true and correct representation of Defendants' use of the NU LOCS mark on their product packaging:



11.     Defendants have been selling the Infringing Products at the SBK salon and on the website at www.keystrapp.com.

12.     Defendants target the same prospective consumers as Midway, using some of the same marketing channels for their products.

13.     Midway has not authorized Defendants to use NU LOCS in connection with their hair products.

14.     Midway does not and has no means to control the quality of the Defendants' Infringing Products.

15.     Defendants state that they did not intentionally infringe upon Midway's NU LOCS trademarks.

<u>Conclusions of Law</u>

16.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 because it arises under the federal Lanham Act, 15 U.S.C. §1051 et seq.

3

17. This Court has supplemental jurisdiction over Midway's state law claims pursuant to 28 U.S.C. §1367 because they form part of the same case or controversy.

18. This Court has personal jurisdiction over the defendants because they are residents of this District and have engaged in infringing activities in this District.

19. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), and in this Division pursuant to Local Civ. Rule 3.01(a)(1) (D.S.C.).

20. Midway has prior rights in the BOBBI BOSS NU LOCS and NU LOCS marks.

21. Defendants' use of NU LOCS in connection with the advertising and sale of their hair products is likely to cause confusion with, and therefore infringes, Midway's federal trademark rights in Midway's BOBBI BOSS NU LOCS mark and its common law trademark rights.

22. Defendants' use of NU LOCS in connection with the advertising and sale of their hair products is likely to cause confusion with, or to cause mistake, or to deceive as to the affiliation, connection, or association of Midway with the Defendants, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Midway.

23. Defendants' actions constitute unfair trade practices under Section 39-5-20 of the South Carolina Code.

24. Midway has been damaged, and if the infringement is not stopped will continue to be irreparably harmed, by Defendants' advertising and sale of the Infringing Products.

25. The public interest supports the entry of an injunction against Defendants.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

    A.    Judgement is hereby entered in favor of Plaintiff and against Defendants on all four counts of the Complaint.

    B.    Defendants StylesByKey Braiding Studio, LLC and Jakecia White, together with their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with them, are hereby permanently enjoined from doing any of the following:

    (i)    using NU LOCS, or any colorable imitation thereof, on or in connection with any hair pieces, hair extensions, hair braids, wigs, and any other products made from or consisting of synthetic and/or human hair, and/or in connection with any hair-related services;

    (ii)    using NU LOCS, or any colorable imitation thereof, in connection with the advertising, promotion, and/or sale of any hair pieces, hair extensions, hair braids, wigs, and any other products made from or consisting of synthetic and/or human hair, and/or any hair-related services;

    (iii)    making any statements or representations that are likely to cause confusion among consumers, or to cause mistake, or to deceive as to the affiliation, connection, or association of Midway with the Defendants, or as to the origin, sponsorship, or approval of any of Defendant's products and services by Midway; and

    (iv)    engaging in any acts intended to deceive the public as to an affiliation between Midway and Defendants or their products.

C.   Each party shall bear their own respective costs and attorney's fees incurred in this action.

ENTERED THIS 21st DAY OF OCTOBER 2020.

s/J. Michelle Childs
J. Michelle Childs
United States District Court

Columbia, South Carolina